MATTER OF HEIDARI

In Deportation Proceedings

A–12672733

*Decided by Board May 4, 1977*

(1) This is respondent's second motion for reconsideration of the Board's decision denying respondent's motion to reopen deportation proceedings in order to file an application for adjustment of status under section 245 of the Immigration and Nationality Act based on an exemption from the labor certification requirement of section 212(a)(14) of the Act as an investor pursuant to 8 C.F.R. 212.8(b)(4).

(2) Evidence submitted in support of a motion for reconsideration must establish a prima facie case that the respondent is eligible for the relief sought.

(3) In this motion for reconsideration, where the evidence presented in support of respondent's claim to investor status under 8 C.F.R. 212.8(b)(4) was gathered after the effective date of the amendment of that regulation, the evidence was required to meet the standards set forth in the amended regulation in order to establish a prima facie case. Motion denied.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant student— remained longer than permitted

ON BEHALF OF RESPONDENT: John L. Hogg, Esquire
Hogg & Frank
523 West Sixth Street, Suite 509
Los Angeles, California 90014

BY: Milhollan, Chairman; Wilson, Maniatis, and Appleman, Board Members

The respondent moves for reconsideration of our decision of December 3, 1976.[1] In our decision of December 3, 1976, we refused to reconsider our decision of November 10, 1975, denying a motion to reopen the deportation proceedings against the respondent so as to allow him to file for adjustment of status under section 245 of the Immigration and Nationality Act. The present motion will be denied.

We have again reviewed the evidence before us at the time of our

---

[1] This is the fourth time this case has been before us, and the third time since we affirmed the immigration judge's decision dated March 20, 1974, denying the respondent's application for suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act.

decision of December 3, 1976, and we find that for the reasons stated in that decision the evidence then before us did not make a *prima facie* showing that the respondent was eligible for adjustment of status as an investor.

As we mentioned in our decision of December 3, 1976, the regulation exempting investors from the labor certification was amended prospectively effective October 7, 1976. Under the new version of 8 C.F.R. 212.8(b)(4), a prospective immigrant has to show that he has invested or is actively in the process of investing capital totaling at least $40,000 in an enterprise in the United States of which he will be a principal manager and that that enterprise will employ a person or persons in the United States who are United States citizens or aliens lawfully admitted for permanent residence, exclusive of the alien, his spouse and children.

The respondent is seeking to prove eligibility through operating statements for the months of November 1975 through December 1976, with respect to a business we found unqualified in November 1975. Rather than moving for reconsideration of the application on the basis of evidence in existence at the time the application was filed and considered, the respondent is seeking consideration of his application on the basis of evidence originating *after* the application was first submitted for consideration. To consider that evidence under the original application and under a regulation now superseded would only encourage the respondent and like applicants to prolong their unlawful stay in the United States in the hope of eventually establishing eligibility under the defunct regulation. We are unwilling to allow this circumvention of the duly published regulations.

Accordingly, the respondent is required to meet the standards of the present regulation since the documentation now before us was submitted after the entry in force of the new regulation. The documentation presented is insufficient to make a *prima facie* showing that the respondent meets the requirements set forth there. Therefore, the motion will be denied.

ORDER: The motion is denied.