MATTER OF KUMAR

In Deportation Proceedings

A-21329561

*Decided by Board February 20, 1980*

(1) Mere fact that an investor filed an adjustment of status application prior to October 7, 1976, does not result in his being thereafter entitled to have all subsequent investments reviewed under the provisions of 8 C.F.R. 212.8(b)(4) in effect prior to that date.

(2) Where the original application for adjustment of status as an investor does not evidence eligibility for investor status under the regulatory standards in effect prior to October 7, 1976, one cannot claim any lingering entitlement to have an investment made after that date reviewed under the pre-regulatory change standards.

(3) An alien, who had invested in a clothing business but who failed to establish that that investment met the requirements for an investor labor certification exemption under 8 C.F.R. 212.8(b)(4) in effect prior to October 7, 1976, held not entitled to have his subsequent investment in a motel, made after that date, considered under the earlier, more lenient version of the regulation.

CHARGE:
Order: Act of 1952—Section 241(a)(2), I&N Act [8 U.S.C. 1251(a)(2)]—
Nonimmigrant visitor, remained longer than authorized

ON BEHALF OF RESPONDENT: Jack I. Kaiser, Esquire
115 Sansome Street
Suite 1111
San Francisco, California 94104

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire and Farb, Board Members

In a decision dated October 19, 1979, the immigration judge found the respondent deportable as charged, denied his application for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255, but granted him the privilege of voluntary departure. The respondent appeals from the denial of adjustment of status. The appeal will be dismissed.

The respondent, a 27-year-old native and citizen of India, resided in England from at least January 1973 until March 1976. On March 15, 1976, he entered the United States using a nonimmigrant visitor's visa. Within the first 25 days after entry, however, the respondent made

arrangements to invest in a clothing business, contacted his father to send money, received the requested funds (the first monies by check dated March 30, 1976), made a deposit on a store lease, and started ordering inventory for the store. By April 15, 1976, the respondent had executed the formal lease for the store and four days later he signed the documents necessary to apply for adjustment of status (Form I-485, "Application for Status as Permanent Resident"; Form I-526, "Request for Determination that Prospective Immigrant is an Investor").

The adjustment application was ultimately denied by the District Director on January 16, 1979, because the respondent had liquidated his interest in the clothing store in August 1977. Deportation proceedings were then instituted against the respondent after he failed to voluntarily depart within the time allowed.

At hearings held in March and August 1979, the respondent conceded deportability, but sought to reapply for adjustment as an investor based on a motel he had acquired in June 1977.[1] The respondent apparently contended that this second investment should be reviewed under the requirements of 8 C.F.R. 212.8(b)(4) in effect prior to October 7, 1976. Under the earlier version of the regulation, an applicant had to have invested, or be actively in the process of investing, capital totaling at least $10,000 in a business in which the applicant had had at least one year of experience or training. As of October 7, 1976, however, an applicant for investor status has had to demonstrate that he has invested or is actively in the process of investing capital totaling at least $40,000 in an enterprise in the United States of which he will be a principal manager. That enterprise must also employ a person or persons in the United States who are United States citizens or aliens lawfully admitted for permanent residence, exclusive of the alien, his spouse and children.

The immigration judge denied the adjustment application finding that the respondent's investment in the motel failed to satisfy the eligibility requirements set forth in *Matter of Heitland*, 14 I&N Dec. 563 (BIA 1974), *aff'd*, 551 F.2d 495 (2 Cir. 1977), *cert. denied*, 434 U.S. 819 (1977). The immigration judge further stated that the application would be denied in the exercise of discretion based on his finding that the respondent had entered the United States as a nonimmigrant visitor with a preconceived intent to remain permanently.

The respondent appeals both from the finding of ineligibility for adjustment of status and from the adverse exercise of discretion. As

---

[1] The respondent invested $20,000 in cash in the motel and signed a 25-year note for the remaining $100,000 of purchase price. The District Director evidently was not advised of this investment prior to January 1979.

Interim Decision #2777

we find that the respondent is not entitled to have his investment in the motel tested under the provisions of 8 C.F.R. 212.8(b)(4) in effect prior to October 7, 1976, and as this investment clearly does not satisfy the $40,000 capital test required under the present regulatory provisions, the appeal will be dismissed.

The mere fact that an "investor" may have filed an adjustment application prior to October 7, 1976, does not result in his being thereafter entitled to have all subsequent investments reviewed under the provisions of 8 C.F.R. 212.8(b)(4) in effect prior to that date.[2] This is particularly true where the original application does not evidence eligibility for investor status under the earlier standards. One cannot claim a lingering entitlement to have an investment made after the regulatory change reviewed under pre-regulatory change standards when the initial application never satisfied those earlier standards.

Here, the respondent's original investment in the clothing business could not qualify him for an exemption from the labor certification requirements even under the less restrictive standards of 8 C.F.R. 212.8(b)(4) in effect prior to October 7, 1976. The investment was not of an amount adequate to insure that the respondent's primary function was not as a worker, nor did it expand job opportunities so as to offset any adverse impact of the respondent's employment.[3] *See Matter of Heitland, supra. See also Matter of Wang*, 16 I&N Dec. 711 (BIA 1979). Therefore, he cannot now claim any entitlement to have his present investment tested under the provisions of 8 C.F.R. 212.8(b)(4) in effect prior to October 7, 1976.

The respondent has accordingly failed to establish eligibility for investor status and the appeal from the denial of his adjustment application will be dismissed for that reason. We further concur, however, in the immigration judge's finding that the respondent is not deserving of such relief in the exercise of discretion as we are not satisfied on this record that he did not enter the United States in 1976 with a preconceived intent to remain as a permanent resident. *See Von Pervieux* v. *INS*, 572 F.2d 114, 118 (3 Cir. 1978), and the cases cited therein.

ORDER: The appeal is dismissed.

---

[2] In fact, merely because the filing was made prior to October 7, 1976, does not insure that the initial investment underlying that application will be tested under the "$10,000" standard. If the application was filed in time to meet the October 7, 1976, deadline, but the evidence establishing the investment originated after that date, the investment will be tested under the current standards. *See Matter of Heidari*, 16 I&N Dec. 203 (BIA 1977).

[3] The respondent's profit and loss statements for this business for the period from its inception through November 1976 indicate that there were no employees other than the respondent. The balance sheets reflect that there were no expenses for "wages."

317

**FURTHER ORDER:** Pursuant to the immigration judge's order the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.