[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2009
THOMAS K. KAHN
CLERK

No. 08-15412
Non-Argument Calendar
_____

Agency Nos. A079-474-335, A079-474-336

ADRIANA CASTRO PABON,
HUGO CASTRO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 12, 2009)

Before CARNES, HULL and WILSON, Circuit Judges.

PER CURIAM:

Adriana Castro Pabon, a citizen of Columbia, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reconsider its previous decision affirming the immigration judge's ("IJ") order denying her application for asylum, withholding of removal under the Immigration and Nationality Act ("INA") and protection under the United Nations Convention Against Torture ("CAT"). After review, we deny the petition for review.

## I. BACKGROUND FACTS

Pabon's asylum application alleged that she received several death threats from the Revolutionary Armed Forces of Colombia ("FARC") after she, an optometrist, refused to assist the FARC with someone who had lost an eye. The BIA affirmed the IJ's finding that Pabon had not established her eligibility for asylum, withholding of removal or CAT relief. Specifically, BIA and the IJ found that Pabon had not shown past persecution on a protected ground or a well-founded fear of future persecution.

Pabon filed a motion for reconsideration with the BIA, arguing that the IJ and the BIA had failed to discuss two Country Reports on Human Rights Practices in Colombia ("Country Reports"). Pabon argued that these Country Reports were part of the administrative record and showed that the FARC was conducting countrywide persecution.

The BIA denied the motion for reconsideration, finding that Pabon's arguments did not establish reversible error in its prior decision. The BIA stated

2

that it had considered the Country Reports cited by Pabon and continued to find that Pabon did not meet her burden of proof. In a footnote, the BIA observed that the 2006 Country Report's statement concerning the widespread resignation of government officials did not sufficiently establish that Pabon "has a country-wide fear of persecution." The BIA also distinguished this Court's opinion in Arboleda v. U.S. Att'y Gen., 434 F.3d 1220 (11th Cir. 2006), pointing out that Pabon, unlike Arboleda, had not established past persecution and, thus, had the burden to show that internal relocation within Colombia was not a reasonable option. The BIA also noted that Pabon had not shown that the FARC threats she received were on account of a protected ground. Pabon filed this petition for review.

## II. DISCUSSION

We review the BIA's denial of a motion for reconsideration for abuse of discretion. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). Our review is limited to determining whether there has been an exercise of administrative discretion and whether the manner in which it was exercised was arbitrary or capricious. Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005).

After the BIA has affirmed an IJ's order of removal, the alien may seek reconsideration on the ground that the BIA has made a legal or factual error. See INA § 240(c)(6); 8 U.S.C. §1229a(c)(6); 8 C.F.R. § 1003.2(b)(1). "A motion to

3

reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1); see also INA § 240(c)(6)(C); 8 U.S.C. § 1229a(c)(6)(C).

The BIA did not abuse its discretion by denying Pabon's motion for reconsideration. In its order, the BIA stated that it previously had considered the Country Reports and then reaffirmed its conclusion that Pabon had not shown she could not relocate within Colombia.[1]

Pabon complains that the BIA did not "further distinguish the critical language in each passage in both Country Reports" that she raised in her motion for reconsideration. We could find no support for Pabon's contention that the BIA was required to discuss the Country Reports with the specificity she desires. It is well settled that the IJ must consider all relevant evidence in the record in assessing an applicant's asylum claim. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). However, we have never required the IJ to analyze in depth each and every piece of evidence on the record. Nor have we required the BIA to grant a motion for reconsideration and remand for further proceedings when the IJ fails to do so. The only authority Pabon cites is In re E-P-, 21 I. & N. Dec. 860, 862

---

[1]Contrary to Pabon's claim, the BIA did not misstate the procedural posture in Arboleda. In Arboleda, unlike in Pabon's case, "the BIA presumed past persecution and therefore the burden was on the government to show that internal relocation was reasonable." 434 F.3d at 1224.

(BIA 1997), which does not impose such an obligation on the IJ or the BIA.

In any event, as the BIA noted, the IJ and the BIA also had concluded that Pabon showed no nexus between the persecution she feared and her political opinion. Thus, even assuming arguendo that the Country Reports showed that the FARC's reach was countrywide, Pabon remained statutorily ineligible for asylum and withholding of removal. See In re Heidari, 16 I. & N. Dec. 203, 203 (BIA 1977) (requiring a respondent moving for reconsideration to make a prima facie showing of eligibility for the relief requested). We cannot say the BIA acted arbitrarily or capriciously in denying her motion for reconsideration.[2]

**PETITION DENIED.**

---

[2]On appeal, much of Pabon's argument relates to the merits of the IJ's and the BIA's underlying denial of her application for asylum and withholding. However, because Pabon did not file a petition for review within thirty days of the BIA's final removal order, we lack jurisdiction to review these claims. See INA § 242(b)(1), 8 U.S.C. § 1252(b)(1); Dakane v. U.S. Att'y Gen., 371 F.3d 771, 773 n.3 (11th Cir. 2004).